Neil A. Tortora - 017312005
**MORRISON MAHONEY LLP**
**Waterview Plaza**
**2001 U.S. Highway 46, Suite 200**
**Parsippany, NJ 07054**
**Phone:  973-257-3526**
**Fax:  973-257-3527**
**Attorneys for Defendant, BJ's Wholesale Club**

---

JOHANNY BRITES,

                 Plaintiff,

v.

BJ'S WHOLESALE CLUB; JOHN DOE
1-3 (fictitious names and unknown); ABC
CORPORATION 1-3 (fictitious names and
unknown),

                 Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CASE NO.:

Civil Action

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 132, 1441 and 1446, Defendant, BJ's Wholesale Club, a Delaware corporation with the principal place of business in Westborough, Massachusetts hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, based upon the following:

      1.      On or about January 10, 2022, plaintiff commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, entitled JOHANNY BRITES V. BJ'S WHOLESALE CLUB, ET AL., Docket No.: MID-L-140-22. ("Complaint")

      2.      Defendant, BJ's Wholesale Club, was put on notice of the Complaint in this matter.

      3.      Pursuant to 28 U.S.C. § 1446 (a), a true and correct copy of the Complaint against this defendant is attached hereto as Exhibit "A".

100851707

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of BJ's Wholesale Club's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5.      This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6.      Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing in Carteret, New Jersey.

7.      The Complaint alleges that on or about January 18, 2020, plaintiff, Johanny Brites, slipped and fell while in BJ's Wholesale Club's store in Linden, New Jersey, due to an alleged dangerous condition in the premises. The Complaint alleges that plaintiff was caused to fall and sustain personal injuries.

8.      In this action, plaintiff has named as defendant, BJ's Wholesale Club, John Doe 1-3 and ABC Corporation 1-3, fictitious names.

9.      Defendant, BJ's Wholesale Club is a corporation organized under the laws of the State of Delaware with its principal place of business in Westborough, Massachusetts.

10.     For diversity purposes, BJ's Wholesale Club is a citizen of Delaware.  It is not a citizen of New Jersey.

11.     The jurisdiction in state court is unlimited damages and plaintiff has provided no limitation of damages being below $75,000.

2

100851707

12.     While BJ's Wholesale Club denies all liability to plaintiff and denies that she is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

13.     Therefore, this civil action is Removable to this Court pursuant to 28 U.S.C. § 1441.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Middlesex County, and is being served upon plaintiff. (See Exhibit "B")

15.     In filing this Notice of Removal, BJ's Wholesale Club does not waive any defects in service of process, venue or personal jurisdiction.

16.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**Morrison Mahoney LLP**

Attorneys for Defendant,
BJ's Wholesale Club

Dated: January 20, 2022                           By: _____
                                                           Neil A. Tortora

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Middlesex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of defendant's knowledge, information and belief, is not the subject of any other action pending in any Court, or of any other pending arbitration or administrative proceeding.

**Morrison Mahoney LLP**

Attorneys for Defendant,
BJ's Wholesale Club

Dated:  January 20, 2022

By:  _____
     Neil A. Tortora

4

100851707

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via Federal Express, a true and accurate copy of the foregoing Notice of Removal on:

Raquel Romero, Esq.
Law Office of Raquel Romero
11 Sayre Street
P.O. Box 2205
Elizabeth, New Jersey 07207

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

**Morrison Mahoney LLP**

Attorneys for Defendant,
BJ's Wholesale Club

Dated:  January 20, 2022

By: _____

Neil A. Tortora

100851707

# Exhibit A

51264117

**LAW OFFICE OF RAQUEL ROMERO**
**Attorney ID # 011421983**
**11 Sayre Street**
**P.O. Box. 2205**
**Elizabeth, New Jersey  07207**
**Phone: (908) 820-9770**
**Fax: (908) 820-0052**
**Email: rromerolaw@gmail.com**
**Attorney for Plaintiff**

| | |
|---|---|
| Johanny Brites<br><br>                              Plaintiff,<br><br>v.<br><br>BJ'S Wholesale Club;<br>John Doe 1-3 (fictitious names and unknown);<br>ABC Corporation 1-3 (fictitious names and unknown)<br><br>                              Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: MIDDLESEX COUNTY**<br><br>DOCKET NO:<br><br>        CIVIL ACTION<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiff, Johanny Brites, residing at 29 Grant Avenue in the Town of Carteret of, County of Middlesex and State of New Jersey, complaining of the Defendants, states:

1.      On or about January 18, 2020, Plaintiff Johanny Brites, was lawfully on the premises located at 1001 E. Edgar Road in the City of Linden, County of Union and State of New Jersey.

2.      At all times relevant herein, Defendants, BJ'S Wholesales Club, John Doe 1-3 (fictitious names) and/or ABC Corporation 1-3(fictitious names), owned, occupied, operated and/or maintained the premises located at 1001 E. Edgar Road in the Town of Liden, County of Union and State of New Jersey.

3.      Defendants, BJ'S Wholesale Club, John Doe 1-3  (fictitious names)  and/or ABC Corporation 1-3(fictitious names), did so negligently and carelessly own, occupy, operate and/or maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

1

4.    As a direct and proximate result of the negligence of the Defendants, as aforesaid, Plaintiff, Johanny Brites, slipped and fell down in the premises know as 1001 E. Edgar Road, Linden, N.J., due to a dangerous condition existing thereon and was thus caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Johanny Brites, demands judgment against the Defendants, BJ'S Wholesale Club, John Doe 1-3 (fictitious names) and/or ABC Corporation 1-3(fictitious names), jointly severally or in the alternative in the amount of his damages together with interest and costs of suit.

Dated: January || ,2022

_____
Raquel Romero, Esq.
Attorney for Plaintiff.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a Trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Raquel Romero, Esq., is hereby designated as Trial Counsel in the above-captioned matter for the firm of Raquel Romero Law Office, pursuant to Rule 4:25 et. seq.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(2)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

2

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT

## TO RULE 4:17-1(b)(i)

S1.     State whether Defendant or anyone in Defendant's behalf has made or caused to be made any surveillance photographs, video tapes, movies or other recordings of the Plaintiff since the date of the accident, and if so, please state the date(s) upon which such surveillance photographs, video tapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, video tapes, movies or other recordings, what each surveillance photographs, video tapes, movies or other recordings depict.

Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and Plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2.     If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S3.     State whether this Defendant occupied the premises where Plaintiff's incident occurred as of the date of Plaintiff's accident.

S4.     If this Defendant did not own or occupy the premises where Plaintiff's accident occurred as of the date of the Plaintiff's accident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident.

3

S5.    State whether this Defendant or its employees were conducting any clean-up including but not limited to spills in the aisle at the area where Plaintiff's accident occurred as of the date of Plaintiff's accident, and if so, set forth in detail and with particularity and specificity the nature of the clean-up conducted, and the employee performing the clean-up.

S6.    State whether any inspections were made of the accident site by Defendant, or anyone in Defendant's behalf, <u>subsequent</u> to the accident alleged by Plaintiff, and if so, please state the date of said inspection, an exact description of such inspection or test, the name, address and job title of the person who performed such inspection and the results of said inspection.

<u>**CERTIFICATION**</u>

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1.    <u>OTHER ACTIONS PENDING</u>............................YES___ NO_X_

      A.    If YES - Parties to other Pending Actions.

      B.    In my opinion, the following parties should be joined in the within pending Cause of Action.

2.    <u>OTHER ACTIONS CONTEMPLATED?</u>......................YES___ NO_X_

      A.    If YES - Parties contemplated to be joined, in other Causes of Action.

4

3.    ARBITRATION PROCEEDINGS PENDING?.................YES___ NO _X_

     A.    If YES - Parties to Arbitration Proceedings.

     B.    In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4.    OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?.......YES___ NO _X_

     A.    If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

Raquel Romero, Esq.
Attorney for Plaintiff

Dated: January  11 , 2022

5

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-000140-22

**Case Caption:** BRITES JOHANNY  VS BJ'S WHOLESALE CLUB

**Case Initiation Date:** 01/10/2022

**Attorney Name:** RAQUEL ROMERO

**Firm Name:** RAQUEL ROMERO

**Address:** 11 SAYRE ST PO BOX 2205

ELIZABETH NJ 07207

**Phone:** 9088209770

**Name of Party:** PLAINTIFF : Brites, Johanny

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Johanny Brites?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
　**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
　**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>01/10/2022</u>
Dated

<u>/s/ RAQUEL ROMERO</u>
Signed

# Exhibit B

51264117

Neil A. Tortora - 017312005
**MORRISON MAHONEY LLP**
Waterview Plaza
**2001 U.S. Highway 46, Suite 200**
Parsippany, NJ 07054
Phone: 973-257-3526
Fax: 973-257-3527
**Attorneys for Defendant, BJ's Wholesale Club**

---

JOHANNY BRITES,

            Plaintiff,

v.

BJ'S WHOLESALE CLUB; JOHN DOE
1-3 (fictitious names and unknown); ABC
CORPORATION 1-3 (fictitious names and
unknown),

            Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION– MIDDLESEX COUNTY

DOCKET NO.: MID-L-140-22

Civil Action

**NOTICE OF NOTICE OF REMOVAL**

---

TO:    Clerk, Superior Court of New Jersey
        Middlesex County Courthouse

        Raquel Romero, Esq.
        Law Office of Raquel Romero
        11 Sayre Street
        P.O. Box 2205
        Elizabeth, New Jersey 07207

        Defendant, BJ's, gives notice that it has removed this action to the United States District

Court for the District of New Jersey. A true and correct copy of the Notice of Removal that has

been filed with the United States District Court for the District of New Jersey is attached as

Exhibit "A". Pursuant to 28 U.S.C. 1446(d), no further proceedings may be held in this Court in

this action unless or until the case is remanded.

100851679

**Morrison Mahoney LLP**

Attorneys for Defendant,
BJ's Wholesale Club

Dated:  January 20, 2022

By: _____
        Neil A. Tortora

2

100851679